FILED
SUPERIOR COURT
OF GUAM

2023 JAN -4 PM 1: 37

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0196-07**<br>GPD Report No. 07-12637 |
| v. | |
| **CARMELO ANTHONY QUINTANILLA MENDIOLA,**<br>DOB: 07/12/1967 | **DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on October 6, 2022 for hearing on Defendant Carmelo Anthony Quintanilla Mendiola's ("Defendant's") Motion for Sentence Reduction ("Motion"). Assistant Attorney General Renaida San Nicolas represents the People, and Assistant Public Defender Stephen Hattori represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

On November 21, 2011, a jury convicted Defendant of First Degree Criminal Sexual Conduct (as a 1st Degree Felony), Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), Assault (as a Misdemeanor), Family Violence (as a Misdemeanor), and Child Abuse (as a Misdemeanor). See Verdict Forms 1-5 (Nov. 21, 2011). The jury ultimately determined that the Defendant, among other things, had sexually penetrated his family member K.M. (DOB: 10/20/1997) with his penis while K.M. (DOB: 10/20/1997) was just nine (9) years old. Id.

Sentencing was held on January 18, 2012, and Defendant was sentenced to life imprisonment, with the possibility of parole. See Judgment (Mar. 29, 2017).

Decision and Order Denying Defendant's Motion for Sentence Reduction
CF0196-07, *People of Guam v. Carmelo Anthony Quintanilla Mendiola*
Page 1 of 3

Following the sentencing, Defendant appealed his convictions and argued for a new trial on grounds of ineffective assistance of counsel. See Notice of Appeal (Jun. 17, 2013). However, on December 30, 2019, the Guam Supreme Court upheld Defendant's convictions, denying his petition for ineffective assistance of counsel and a new trial. See *Mendiola v. Ishizaki*, 2019 Guam 26.

On June 2, 2020, Defendant filed his Motion for Sentence Reduction. Asking for leniency, Defendant requested that his sentence be reduced to fifteen (15) years imprisonment. See Motion at 1 (Jun. 2, 2020). Defendant based this request on the non-violent circumstances of the crime and on the treatment/rehabilitation Defendant received while incarcerated. Id. at 4.

On July 2, 2020, the People submitted their Opposition to Defendant's Motion ("Opposition"). The People claim Defendant presented no compelling reason justifying a sentence reduction. See Opposition at 2 (Jul. 2, 2020). The People highlight several factors such as the serious nature of the crimes committed, the victim's young age, and the Defendant's previous history of criminal sexual conduct, which includes a Fourth Degree Criminal Sexual Conduct conviction in CF0631-97. Id. at 2.

On July 14, 2020, Defendant filed his Reply to Opposition ("Reply"). Defendant highlighted his desire for the opportunity to call character witnesses and to personally express remorse to the Court, something he avoided during his original sentencing for purposes of his appeal. See Reply at 2 (Jul. 14, 2020).

The Court held a hearing on October 6, 2022. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Legal Standard:

"The Court may reduce a sentence... within one hundred twenty (120) days after entry of any order or judgement of the Supreme Court of Guam, having the effect of upholding a judgment or conviction." See 8 G.C.A. § 120.46.

### II. Application:

Although Defendant's Motion for Sentence Reduction was filed more than 120 days after the Guam Supreme Court's decision to uphold his conviction, Defendant was still

Decision and Order Denying Defendant's Motion for Sentence Reduction
CF0196-07, *People of Guam v. Carmelo Anthony Quintanilla Mendiola*
Page 2 of 3

within the established timeframe because the Judiciary tolled statutory filing deadlines between March 27 and June 5, 2020 due to the Covid-19 pandemic. See Supreme Court of Guam Administrative Order No. ADM20-239 (May 4, 2020).

That being said, Defendant has provided an insufficient basis to justify a sentence reduction. The Defendant has well-established himself as a serious risk to the public, as he has now twice been convicted of Criminal Sexual Conduct. Both cases involve minors under the age of fourteen (14) years old, demonstrating that Defendant failed to learn from his first conviction in CF0631-97. While the Court applauds Defendant for receiving treatment while incarcerated, there is much more work to be done before Defendant can be safely released back into society. Furthermore, there is nothing to suggest the sentence was imposed in an illegal manner. In fact, Defendant's sentence already falls below the maximum penalty he could have received, as First Degree Criminal Sexual Conduct convictions allow for life imprisonment without the possibility of parole. See 9 G.C.A. § 25.15(b).

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. Defendant's sentence of life imprisonment with the possibility of parole remains for his conviction of First Degree Criminal Sexual Conduct (as a 1st Degree Felony).

**IT IS SO ORDERED** this January 4, 2023.

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion for Sentence Reduction
CF0196-07, *People of Guam v. Carmelo Anthony Quintanilla Mendiola*
Page 3 of 3